UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

JOAN S. HANNA

              Debtor.

Chapter 11
Case No. 23-10429-CJP

### Order Granting Motion By Joan S. Hanna, Debtor In Possession For Order Authorizing And Approving Private Sale Of Real Property (528-540 VFW Parkway and 70 Brucewood Street West Roxbury [Boston], Suffolk County, Massachusetts)

Joan S. Hanna, the debtor in possession in the above captioned case (the "Debtor"), having filed on October 13, 2023, a Motion for Order Authorizing and Approving Private Sale of Real Property (the "Sale Motion"), pursuant to which the Debtor sought an order authorizing, among other things, the sale, free and clear of all liens, claims, interests, and encumbrances whatsoever to Kendall Capital LLC ("Kendall Capital"), of the Debtor's and the estate's right, title and interest in and to interest in certain real property known and numbered as 528-540 VFW Parkway and 70 Brucewood Street, West Roxbury (Boston), Massachusetts (the "Real Property") for the sum of $6,400,000.00, as set forth in the Purchase and Sale Agreement executed by and between the Debtor and John S. Hanna, as Trustee of the 530 V.F.W. Parkway Realty Trust and Kendall Capital on October 13, 2023 (the "P&S") (a copy of which is annexed to the Sale Motion as an Exhibit); a deadline of November 27, 2023, for filing objections or higher offers having been established by the Court, notice having been given by the Debtor as evidenced by a certificate of service filed on October 30, 2023, John Hanna having filed a Response and Notice of Intent to Exercise Rights Under Bankruptcy Code §363(i) on November 20, 2023 (the "John Hanna Response"), Rockland Trust Company ("Rockland Trust") having filed a Response to the

Sale Motion and to John Hanna's Response on November 27, 2023 (the "Rockland Trust Response"), Boston Capital Investment Group, LLC ("Boston Capital") having timely filed a competing bid in the amount of $6,505,000.00 on November 27, 2023, and a hearing having been held on November 30, 2023, (the "Sale Hearing"), this Court having considered the Sale Motion, the John Hanna Response, the Rockland Trust Response, the competing bid filed by Boston Capital, as well as the bids submitted by Kendall Capital and Boston Capital at the Sale hearing, and good cause otherwise appearing therefor.

**THE COURT HEREBY FINDS AND RULES THAT:**[1]

**Jurisdiction/Statutory and Procedural Bases**[2]

A.  This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(a) and L.R. D. Mass. 201. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Entry of a final order on the Motion is proper under Article III of the United States Constitution. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

C.  The Debtor having made an oral motion at the hearing, and the parties having agreed, the stay created by Fed. R. Bankr. P. 6004(h) shall terminate on the seventh (7th) day following the entry of this Order.

D.  The statutory bases for the relief requested in the Motion are the following sections of title 11, United States Code ("Code Section" or the "Bankruptcy Code"): 105(a) and 363(b), (f)

---

[1]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[2]  Headings are included solely for convenience and shall not be utilized in construing this Order.

and (m). The procedural bases for the relief sought in the Motion are Fed. R. Bankr. P. 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 9007, and 9014.

**Sale Free and Clear**

E.     The Sale Motion by the Debtor is allowed and the Debtor is authorized to sell by private sale the Debtor's and the estate's right, title and interest in the Real Property, all as referred to in the Sale Motion, to Boston Capital Investment Group, LLC (the "Purchaser") for consideration of Six Million Seven Hundred Eighteen Thousand Dollars $6,718,000.00 (the "Purchase Price"), pursuant to 11 U.S.C. § 363.

F.     The sale is to be AS IS and WHERE IS without any warranty by the Debtor except as may be specifically contained in the Purchase and Sale Agreement.

G.     The Purchaser would not have entered into the P&S and would not consummate the Sale if the Real Property were not to be transferred to the Purchaser free and clear of all Encumbrances, or if the Purchaser would (or in the future could) be liable for any Encumbrance.

H.     The sale is to be free and clear of all liens, claims, interests, and other encumbrances whatsoever, both known and unknown, including but not limited to, those asserted liens, claims, interests, and encumbrances to which reference is made in the Sale Motion. Said liens, claims, interests and other encumbrances, if any, shall attach to the proceeds of the sale with the same priority and validity as existed prior to the sale according to priorities established under applicable law.

I.     The Purchaser shall not, by reason of the Sale to the Purchaser or otherwise, have any liability or obligation for any Encumbrances.

J.     The Debtor may sell the Real Property free and clear of all Encumbrances because, in each case, one or more of the standards set forth in Code Section 363(f)(1)-(5) has been satisfied.

K.     The Debtor is authorized to pay, either at or after the consummation of the sale, the

3

lien claims of Rockland Trust Company which are secured by mortgages on the Real Property. Provided that the lien claims of Rockland Trust Company are paid no later than December 15, 2023, the amount to be paid shall be a total of $3,683,065.38. Thereafter, the lien claims of Rockland Trust Company shall accrue interest at $976.49 per day through December 31, 2023.

L. The Debtor is authorized to pay, from the proceeds of the sale of Real Property, the normal and usual costs incurred at closing by the seller (i.e. deed stamps, recording costs and final utility adjustments) and the Seller's share of any outstanding real estate taxes or other municipal claims which constitute liens on the Real Property.

M. The Purchaser shall have until 5:00 p.m. on December 15, 2023 to pay the Purchase Price to the Debtor.

N. A failure by the Purchaser to timely pay the Purchase Price to the Debtor, with the Debtor not being in default, shall be a default by the Purchaser and the Purchaser shall forfeit to the Estate the deposit previously paid by the Purchaser to the Estate and held in escrow by counsel to the Debtor.

O. If the Purchaser defaults by failing to pay the Purchase Price to the Debtor by December 15, 2023, and Debtor is not also in default, the Debtor shall notify Kendall Capital LLC (the "Backup Bidder") of the Purchaser's default and the Backup Bidder shall have the right to purchase the Real Property for consideration of $6,670,000.00 (the "Backup Bid"), provided that the Backup Bidder shall consummate the Sale no later than fourteen (14) days after receipt of notice of the Purchaser's default.

**John Hanna's Notice of Intent to Exercise Rights Under Bankruptcy Code § 363(i)**

P. The Debtor shall give John Hanna five (5) business days' notice of the date and time of the scheduled closing of the sale to the Purchaser.

Q. John Hanna may exercise his right to purchase the Property pursuant to § 363(i) of the Bankruptcy Code by delivering to the Debtor's Counsel the sum of $6,718,000.00 in good funds **no later than** twenty-four (24) hours before the date and time of the scheduled closing. If the Purchase Price is not delivered in good funds at least twenty-four (24) hours prior to the scheduled date and time of the closing of the sale to the Purchaser, John Hanna's right to purchase the Property pursuant to § 363(i) shall terminate.

R. Notwithstanding § 363(j) of the Bankruptcy Code, the extent of the ownership interests of the Debtor and John Hanna remain undetermined, and the net proceeds of the sale of the Property (after payment of the items referred to in paragraphs K and L above), shall be held in escrow pending further order of this Court.

S. The Debtor shall file a report on the sale of the Property pursuant to Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure within seven (7) days of the consummation of the Sale.

## Notice of the Sale

T. Actual written notice of the Motion, the proposed Sale, the right to object thereto and the deadline and filing place for such objections, and the date, time and place of the Sale Hearing has been served upon all parties in interest, including all entities known to the Debtor or in the public record as claiming an interest in the Real Property and all creditors of the Debtor listed in the schedules of liability filed by the Debtor. The service of such notice was good, sufficient and appropriate under the circumstances in accordance with Code Sections 102(1) and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014; and no further notice need be given in respect of the Sale. All parties in interest have been afforded reasonable notice and opportunity to be heard with respect to the Motion and the relief requested therein.

**Compelling Circumstances/Exercise of Business Judgment**

U. The Debtor has demonstrated that it is essential that the Sale occur within the time constraints set forth in the P&S. Time is of the essence in consummating the Sale.

V. Given the circumstances faced by the Debtor and for all the reasons set forth on the record at the Sale Hearing, the Debtor's decision to execute the P&S, to prosecute the Sale Motion and to consummate the Sale constitutes a valid and reasonable exercise of the Debtor's business judgment.

W. Approval of the Sale Motion and the P&S, as well as consummation of the transaction contemplated thereby, is in the best interests of the estate and its creditors.

**Good Faith of the Purchaser**

X. The Purchaser (or the Backup Bidder) is purchasing the Real Property in good faith, is a good faith purchaser within the meaning of Code Section 363(m), and is therefore entitled to the full protection of that provision. The Purchaser, and the Backup Bidder, has/have demonstrated good faith by, *inter alia*: (i) negotiating the P&S at arms' length and without coercion; and (ii) demonstrating that it is not an insider as that term is defined pursuant to 11 U.S.C. § 101(31).

Y. The consideration paid for the Real Property constitutes reasonably equivalent value under the Bankruptcy Code.

Z. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Entered this 1st day of December, 2023.

_____
Christopher J. Panos
United States Bankruptcy Judge