**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br>**JOAN S. HANNA,**<br><br>    **Debtor** | **Chapter 11**<br>**Case No. 23-10429-CJP** |

**MOTION OF JOHN HANNA TO ASSIGN RIGHTS UNDER 11 U.S.C. § 363(i)**
**ALLOWING ASSIGNEE TO ACQUIRE PROPERTY**
**FREE AND CLEAR UNDER 11 U.S.C. § 363**

**(EMERGENCY DETERMINATION REQUESTED)**

NOW COMES John Hanna ("John"), through his counsel, and hereby moves that this Court enter an order authorizing him to assign his rights to acquire the property at 528-540 VFW Parkway and 70 Brucewood Street, West Roxbury (Boston), Suffolk County, Massachusetts (the "Property") to WR Brucewood, LLC or its nominee. In support thereof, John respectfully states as follows:

1. On October 13, 2023, Kendall Capital, LLC ("Kendall") entered into a purchase and sale agreement with John S. Hanna, Trustee of the 530 V.F.W. Parkway Realty Trust for the purchase by Kendall (or its nominee) of the Property.

2. On October 13, 2023, Joan S. Hanna, the debtor in possession in the above captioned case (the "Debtor"), filed a Motion for Order Authorizing and Approving Private Sale of Real Property (the "Sale Motion"), pursuant to which the Debtor sought an order authorizing, among other things, the sale, free and clear of all liens, claims, interests, and encumbrances whatsoever under 11 U.S.C. § 363 to Kendall for the sum of $6,400,00.00.

1

3. The Court set a deadline of November 27, 2023 for filing objections or higher offers, and on such date Boston Capital Investment Group, LLC ("Boston Capital") timely filed a competing bid in the amount of $6,505,000.00.

4. On November 20, 2023 John filed a response to the Sale Motion [Dkt. No. 100, the "Response"], which included a notice of John's intent to exercise his rights to acquire the Property pursuant to 11 U.S.C. § 363(i).

5. On November 30, 2023, after notice and a hearing (the "Sale Hearing"), the Court allowed Kendall and Boston Capital to make competing bids under seal in open court, with Boston Capital's bid of $6,718,000.00 (the "Purchase Price") being the winning bid, as it exceeded Kendall's highest bid by $48,000.00.

6. On December 1, 2023, the Court issued a Sale Order authorizing the Debtor to sell the Property by private sale to Boston Capital for the Purchase Price.

7. The Sale Order further specifically noted that John, as co-owner of the Property, may exercise his rights under §363(i) of the Bankruptcy Code by delivering to the Debtor's counsel the Purchase Price in good funds no later than twenty-four hours prior to the date and time of the scheduled closing, December 15, 2023.

8. After the entry of the Sale Order, John contacted Kendall's manager, to inquire if Kendall would be interested in taking an assignment of his rights under § 363(i) as were contained within the Sale Order issued by the Court. As set forth in the affidavits of John and Mai Luo, submitted herewith, there had been no contacts between the parties before the Sale Hearing.

9. John and Brucewood (as Kendall's nominee) agreed to the assignment, in exchange for a cash payment to John in the amount of $20,000.00. A copy of the assignment

agreement is annexed hereto as Exhibit "A". There is no other consideration to be paid to John or any affiliate or representative of Mr. Hannah or the Debtor in connection with his assignment of his rights under § 363(i) to Kendall.

10. By exercising John's statutory right of first refusal and assigning his rights thereunder to Brucewood, there will be no material prejudice to the estate of the Debtor, as: (1) the highest fair market value has already been established through the prior bidding procedures; and (2) Brucewood is prepared to purchase the property on the same terms as Boston Capital.

11. In support of this motion, the affidavits of John and of Mai Luo, are annexed hereto as Exhibit "B". As set forth in Mr. Luo's affidavit, Brucewood has sufficient funds to complete the purchase of the Property on or before December 14, 2023.

12. Upon completion of the sale, and distribution of the sale proceeds in accordance with the terms of the Sale Order, the net proceeds will be held in escrow, pending further order of this Court.

13. Pursuant to Bankruptcy Code § 105(a) this Court may enter any order necessary or appropriate to carry out the provisions of Title 11. John believes that entry of an order authorizing the assignment of his rights under Bankruptcy Code § 363(i) and the Sale Order is appropriate, as it facilitates the exercise of his rights, and causes no harm to the estate.

## REQUEST FOR EMERGENCY DETERMINATION

14. Pursuant to MLBR 9013-1, John requests an emergency determination on this motion.

15. As grounds therefore, under the terms of the assignment agreement, it is conditioned on the entry of an order approving this motion by December 11, 2023. Additionally,

under the terms of the Sale Order the sale to Boston Capital is to take place on December 15, 2023.

16. Counsel for the Debtor has been advised of John's intention to file this motion.

WHEREFORE, John S. Hanna respectfully prays:

1. That this Court conduct an emergency hearing on this motion;

2. That this Court enter an order authorizing him to assign his rights to acquire the property at 528-540 VFW Parkway and 70 Brucewood Street, West Roxbury (Boston), Suffolk County, Massachusetts (the "Property") to WR Brucewood, LLC or its nominee on the same terms as the existing sale order;

3. That this Court finds WR Brucewood LLC to be a purchaser in good faith under Section 363(m) of the Bankruptcy Code; and

4. For such further relief as this Court deems just and proper.

Respectfully submitted this 8th day of December, 2023.

JOHN HANNA

By: /s/ Steven Weiss
   Steven Weiss, Esquire
   BBO# 545619
   Shatz, Schwartz and Fentin, P.C.
   1441 Main Street, Suite 1100
   Springfield, MA 01103
   (413) 737-1131
   (413) 736-0375 (facsimile)
   sweiss@ssfpc.com

23\0491\Motion .1602

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>JOAN S. HANNA,<br><br>**Debtor** | **Chapter 11**<br>**Case No. 23-10429-CJP** |

## CERTIFICATE OF SERVICE

      I, Steven Weiss, Esquire, of Shatz, Schwartz and Fentin, P.C., hereby certify that on December 8, 2023, I served a copy of the Motion of John Hanna to Assign Rights via email and or first class U.S. Mail, postage pre-paid to the following parties:

Joan Samuel Hanna
74 Brucewood Street
West Roxbury, MA 02132

Joseph G. Butler
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090

Richard King -B
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square., 10th Fl., Suite 1000
Boston, MA 02109

                                                       /s/ Steven Weiss
                                                       Steven Weiss, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0101-1<br>Case 23-10429<br>District of Massachusetts<br>Boston<br>Fri Dec  8 13:15:17 EST 2023 | Rockland Trust Company<br>120 Liberty Street<br>2nd Floor<br>Brockton, MA 02301-5673 | Boston<br>U. S. Bankruptcy Court<br>J.W. McCormack Post Office & Court House<br>5 Post Office Square, Suite 1150<br>Boston, MA 02109-3945 |
| Christopher Bartolo<br>19 Bates Avenue<br>Weymouth, MA 02190-2705 | George R. Jabour<br>30 Eastbrook Road<br>Dedham, MA 02026-2048 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| John S. Hanna<br>26 Green Street<br>Norwell, MA 02061-2624 | John Samuel Hanna<br>26 Green Street<br>Norwell, MA 02061-2624 | Jonathan M. Hixon, Esq<br>Hackett Feinberg P.C.<br>155 Federal Street, 9th Floor<br>Boston, MA 02110-1610 |
| Mass Department of Revenue<br>Bankruptcy Unit<br>PO Box 9554<br>Boston, MA 02114-9554 | Massachusetts Department of Revenue<br>Bankruptcy Unit<br>PO Box 7090<br>Boston, MA 02204-7090 | Michael Hanna<br>243 Manthorne Road<br>Chestnut Hill, MA 02467 |
| Nathalie K. Salomon<br>Fitch Law Partners LLP<br>84 State Street<br>Boston, MA 02109-2214 | Nstar Electric dba Eversource Energy<br>c/o Honor Heath<br>107 Selden St<br>Berlin, CT 06037-1616 | Rockland Trust Co.<br>288 Union Street<br>Rockland, MA 02370-1896 |
| Gary W Cruickshank<br>Law Office of Gary W. Cruickshank<br>21 Custom House Street<br>Suite 920<br>Boston, MA 02110-3525 | George R Jabour<br>Law Office of George R. Jabour<br>30 Eastbrook Road<br>Suite 201<br>Dedham, MA 02026-2085 | Joan Samuel Hanna<br>74 Brucewood St<br>West Roxbury, MA 02132-1304 |
| John Hanna<br>26 Green Street<br>Norwell, MA 02061-2624 | Joseph G. Butler<br>Law Office of Joseph G. Butler<br>355 Providence Highway<br>Westwood, MA 02090-1909 | Richard King - B<br>Office of the US Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Fl, Suite 1000<br>Boston, MA 02109-3901 |
| Tony Pepdjonovic<br>Marcus & Millichap Real Estate<br>100 High Street<br>Suite 1025<br>Boston, MA 02110-1753 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Boston Capital Investment Group, LLC | (d)Rockland Trust Company<br>288 Union Street<br>Rockland, MA 02370-1896 | End of Label Matrix<br>Mailable recipients    21<br>Bypassed recipients     2<br>Total                  23 |

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is entered into as of December 6, 2023 (the "Effective Date"), by and between John Hanna, an individual ("Assignor"), and WR Brucewood LLC (an affiliate of Kendall Capital LLC), a Massachusetts limited liability company, or its nominee ("Assignee").

RECITALS

A. On October 30, 2023, Joan S, Hanna (the "Debtor") filed with the United States Bankruptcy Court for the District of Massachusetts (the "Court") a Notice of Intended Sale of Real Property by Private Sale (the "Notice") for the property known and numbered as 528-540 VFW Parkway and 70 Brucewood Street West Roxbury (Boston), Suffolk County, Massachusetts (the "Property"). Under the Notice, Debtor would sell the Property to Assignee for the sum of $6,400,000.00. The Notice contained a deadline of November 27, 2023, for filing objections or higher offers.

B. On November 27, 2023, Boston Capital Investment Group, LLC ("Boston Capital") made a timely competing bid in the amount of $6,505,000.00 for the Property, and, after a hearing held on November 30, 2023, in which additional sealed competing bids of Assignee and Boston Capital were submitted to the Court, on December 1, 2023, the Court entered an order (the "Sale Order") authorizing and approving the private sale of the Property to Boston Capital for the sum of $6,718,000.00 (the "Purchase Price") on or before December 15, 2023 (the "Closing Date"). A copy of the Sale Order is attached hereto as Exhibit A and incorporated herein by reference.

C. The Sale Order provided that Assignor, as co-owner of the Property, may exercise his right to purchase the Property pursuant to § 363(i) of the Title 11 of the United States Code (the "Bankruptcy Code"), by delivering to the Purchase Price no later than twenty-four (24) hours prior to the Closing Date.

D. In exchange for the sum of $20,000.00, Assignor now desires to assign and transfer to Assignee, Assignor's right to purchase the Property for the Purchase Price pursuant to § 363(i) of the Bankruptcy Code in accordance with the terms and conditions set forth in the Sale Order.

E. Assignor is not assigning and Assignee is not assuming any other right, title, interest or obligation of Assignor with respect to the Bankruptcy Estate of the Debtor, in particular, and without limitation, Assignor's proof of claim filed in the case is not being assigned.

AGREEMENT

In consideration of the recitals which are fully incorporated herein, and other good and valuable consideration, the receipt and sufficiency of which are mutually acknowledged, it is agreed by and between the parties as follows:

1. Assignment. For good and valuable consideration received by Assignor, the receipt and sufficiency of which are hereby acknowledged, subject to the conditions precedent contained herein, Assignor hereby grants, conveys, transfers and assigns to Assignee all of Assignor's to

purchase the Property for the Purchase Price pursuant to § 363 of the Bankruptcy Code in accordance with the terms and conditions set forth in the Sale Order.

2. _Assumption_. Subject to Assignor's satisfaction of its obligations hereunder, Assignee hereby assumes and agrees to perform the obligations of Assignor under § 363 of the Bankruptcy Code strictly in accordance with the terms and conditions of the Sale Order which terms and conditions of such Sale Order are incorporated herein by reference.

3. _Deposit_. Assignee shall deposit the sum of $20,000.00 (the "Deposit") with Ruberto Israel & Weiner, P.C. (the "Escrow Agent") to be held in escrow pending satisfaction of the Conditions set forth in Section 4 hereinbelow.

4. _Conditions_. Assignee's obligations hereunder are contingent upon Assignor's satisfaction of the following conditions:

a. receipt prior to 4:00 pm on Monday December 11, 2023 of the Court's approval of proposed Motion to Assign Rights Under 11 U.S.C. § 363(i) substantially in the form attached hereto as Exhibit B, which approval shall be in the form of an order authorizing (i) the exercise by Assignor of his right to purchase the Property for the Purchase Price pursuant to § 363 of the Bankruptcy Code and (ii) the assignment of Assignor's right to purchase the Property hereunder; and

b. the closing of the purchase and sale of the Property and recording of the deed to the Property from Debtor to Assignee on or before 5:00 pm on Thursday December 14, 2023, free and clear any claims; with all other terms and conditions of the sale of the Property from Debtor to Assignee subject to the terms and conditions contained in that certain Purchase and Sale Agreement by and between Assignee and John S. Hanna, Trustee of the 530 V.F.W. Parkway Realty Trust dated as of October 13, 2023.

5. _Successors and Assigns_. This Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

6. _Counterparts_. This Assignment may be executed in counterparts, each of which shall be deemed an original, and all of which when affixed together shall constitute one and the same instrument. Signatures exchanged by facsimile or other electronic means (including .pdf by email) shall be deemed original signatures for all purposes.

7. _Governing Law_. This Assignment shall be governed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the parties hereto have caused this Assignment and Assumption Agreement to be executed as of the Effective Date.

**ASSIGNOR:**

_____
John S. Hanna

**ASSIGNEE:**

WR Brucewood LLC, a Massachusetts limited liability company

By:_____
Name: Mai Luo
Title: Manager

IN WITNESS WHEREOF, the parties hereto have caused this Assignment and Assumption Agreement to be executed as of the Effective Date.

**ASSIGNOR:**

_____
John S. Hanna

**ASSIGNEE:**

WR Brucewood LLC, a Massachusetts limited liability company

By: _/s/ Mai Luo_____
Name: Mai Luo
Title: Manager

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| **In re:**<br>**JOAN S. HANNA,**<br><br>**Debtor** | **Chapter 11**<br>**Case No. 23-10429-CJP** |

**AFFIDAVIT OF JOHN S. HANNA IN SUPPORT OF
MOTION TO ASSIGN RIGHTS UNDER 11 U.S.C. § 363(i)
ALLOWING ASSIGNEE TO ACQUIRE PROPERTY
FREE AND CLEAR UNDER 11 U.S.C. § 363**

Pursuant to 28 U.S.C. § 1746, I, John S. Hanna, hereby declare as follows:

1. I am the Trustee of the 530 V.F.W. Parkway Realty Trust. As set forth in multiple documents filed with this Court, I believe that I am an owner of beneficial interests in the Trust, which is disputed by the Debtor.

2. On October 13, 2023 my mother, Joan S. Hanna, the debtor in possession in the above captioned case (the "Debtor"), filed a Motion for Order Authorizing and Approving Private Sale of Real Property (the "Sale Motion"), pursuant to which the Debtor sought an order authorizing, among other things, the sale of the Property (as defined in the Sale Motion), free and clear of all liens, claims, interests, and encumbrances whatsoever under 11 U.S.C. § 363 to Kendall Capital, LLC ("Kendall") for the sum of $6,400,00.00.

3. The Court set a deadline of November 27, 2023 for filing objections or higher offers. On November 20, 2023 I filed a response to the Sale Motion [Dkt. No. 100, the "Response"], which included a notice of my intent to exercise his rights to acquire the Property pursuant to 11 U.S.C. § 363(i). On November 27, 2023 Boston Capital Investment Group, LLC ("Boston Capital") timely filed a competing bid in the amount of $6,505,000.00.

4. On November 30, 2023, after notice and a hearing, the Court allowed Kendall and Boston Capital to make competing bids under seal in open court, with Boston Capital's bid of $6,718,000.00 (the "Purchase Price") being the winning bid, as it exceeded Kendall's highest bid by $48,000.00.

5. On December 1, 2023, the Court issued a Sale Order authorizing the Debtor to sell by private sale the Property to Boston Capital for the Purchase Price.

6. The Sale Order further noted that as co-owner of the Property, I had the right exercise my rights under § 363(i) of the Bankruptcy Code by delivering to the Debtor's counsel the Purchase Price in good funds no later than twenty-four hours prior to the date and time of the scheduled closing, December 15, 2023.

7. After the entry of the Sale Order, at 5:13 pm, on Friday, December 1, 2023 (the "Original Call"), I contacted Kendall's manager, Mai Luo, by phone to see if he would be interested in taking an assignment of my rights under § 363(i) as were contained within the Sale Order issued by the Court in exchange for a cash payment in the amount of $20,000.00.

8. At no time prior to the Original Call had I spoken to Mai Luo regarding purchasing the Property or taking an assignment of my rights under § 363(i) of the Bankruptcy Code and the Sale Order.

9. There is no other consideration to be paid to me in connection with my assignment of my rights under § 363(i) to Kendall.

10. There has been no effort on my part to reduce the purchase price for the Property or unduly chill the bidding process for the Property by removing potential bidders from the sale process.

11. On information and belief, the Purchase Price is the fair market value for the

Property, as ascertained by auction procedure in accordance with the Bankruptcy Code, culminating in a sealed bidding process held in open court by the previous two highest bidders.

12. By exercising my right of first refusal and assigning his rights thereunder to Brucewood, there will be no material prejudice to the estate of the Debtor, as: (1) the highest fair market value has already been established through the prior bidding procedures; and (2) Brucewood is prepared to purchase the property on the same terms as Boston Capital.

13. Mai Luo has represented to me that Brucewood has sufficient funds to complete the purchase of the Property on or before December 14, 2023,

I declare under penalty of perjury that, to the best of my knowledge, the forgoing is true and correct.

Dated this 8 day of December, 2023

_____
JOHN S. HANNA

23\0491\Affidavit.JohnHanna.1601

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br>JOAN S. HANNA,<br><br>Debtor | Chapter 11<br>Case No. 23-10429-CJP |
|---|---|

## DECLARATION ELECTRONIC FILING

PART I - DECLARATION OF PETITIONER

I John S. Hanna, *hereby declare(s) under penalty of perjury* that all of the information contained in the **AFFIDAVIT** (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: December 6, 2023

Signed: _____
John S. Hanna (Affiant)

23\0491\MOR's\declaration.John Hanna

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re:<br><br>JOAN S. HANNA<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10429-CJP |

AFFIDAVIT OF MAI LUO IN SUPPORT OF
MOTION TO ASSIGN RIGHTS UNDER 11 U.S.C. § 363(i)
ALLOWING ASSIGNEE TO ACQUIRE PROPERTY
**FREE AND CLEAR UNDER 11 U.S.C. § 363**

Pursuant to 28 U.S.C. § 1746, I, Mai Luo, hereby declare as follows:

1. I am the Manager of WR Brucewood LLC, a Massachusetts limited liability company ("**Brucewood**") and of Kendall Capital LLC, a Massachusetts limited liability company ("**Kendall**") which each maintain an office at 68 Harrison Avenue, 6th Floor Boston, MA 02111. I am authorized to execute this Affidavit on behalf of Brucewood and Kendall.

2. Brucewood and Kendall are affiliated entities, with Brucewood being a single purpose limited liability company formed for purposes of acquiring the Property (as described hereinbelow)

3. On October 13, 2023, Kendall entered into a purchase and sale agreement with John S. Hanna, Trustee of the 530 V.F.W. Parkway Realty Trust for the purchase by Kendall (or its nominee) of that certain real property known and numbered as 528-540 VFW Parkway and 70 Brucewood Street, West Roxbury (Boston), Suffolk County, Massachusetts (the "Property").

4. On October 13, 2023, Joan S. Hanna, the debtor in possession in the above captioned case (the "Debtor"), filed a Motion for Order Authorizing and Approving Private Sale of Real Property (the "Sale Motion"), pursuant to which the Debtor sought an order authorizing,

among other things, the sale, free and clear of all liens, claims, interests, and encumbrances whatsoever under 11 U.S.C. § 363 to Kendall for the sum of $6,400,00.00.

5. The Court set a deadline of November 27, 2023 for filing objections or higher offers, and on such date Boston Capital Investment Group, LLC ("Boston Capital") timely filed a competing bid in the amount of $6,505,000.00.

6. On November 30, 2023, after notice and a hearing, the Court allowed Kendall and Boston Capital to make competing bids under seal in open court, with Boston Capital's bid of $6,718,000.00 (the "Purchase Price") being the winning bid, as it exceeded Kendall's highest bid by $48,000.00.

7. On December 1, 2023, the Court issued a Sale Order authorizing the Debtor to sell by private sale the Property to Boston Capital for the Purchase Price.

8. The Sale Order further noted that John S. Hanna, as co-owner of the Property, may exercise his rights under § 363(i) of the Bankruptcy Code by delivering to the Debtor's counsel the Purchase Price in good funds no later than twenty-four hours prior to the date and time of the scheduled closing, December 15, 2023.

9. After the entry of the Sale Order, at 5:13 pm, on Friday, December 1, 2023 (the "Original Call"), John S. Hanna contacted me by phone call to see if I would be interested in taking an assignment of his rights under § 363(i) as were contained within the Sale Order issued by the Court in exchange for a cash payment in the amount of $20,000.00.

10. At no time prior to the Original Call had I spoken to John Hanna regarding purchasing the Property or taking an assignment of John Hanna's rights under § 363(i) of the Bankruptcy Code.

11. There is no other consideration to be paid to Mr. Hanna or any affiliate or representative of Mr. Hannah or the Debtor in connection with his assignment of his rights under § 363(i) to Kendall.

12. There has been no effort on the part of Kendall, Brucewood, myself, or any affiliate or representative of the foregoing, to artificially reduce the purchase price for the Property or unduly chill the bidding process for the Property by removing potential bidders from the sale process.

13. On information and belief, the Purchase Price is the fair market value for the Property, as ascertained by auction procedure in accordance with the Bankruptcy Code, culminating in a sealed bidding process held in open court by the previous two highest bidders.

14. By exercising John S. Hanna's right of first refusal and assigning his rights thereunder to Brucewood, there will be no material prejudice to the estate of the Debtor, as: (1) the highest fair market value has already been established through the prior bidding procedures; and (2) Brucewood is prepared to purchase the property on the same terms as Boston Capital.

15. Brucewood has sufficient funds to complete the purchase of the Property on or before December 14, 2023,

I declare under penalty of perjury that, to the best of my knowledge, the forgoing is true and correct.

Signed this 6 day of December, 2023.

_____
Mai Luo
Manager, Kendall Capital LLC
and WR Brucewood LLC

OLF 7 (Official Local Form 7)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re JOAN S. HANNA

Case No. 23-10429-CJP

Chapter 11

Debtor

### DECLARATION RE: ELECTRONIC FILING

**PART I - DECLARATION**

I(We) MAI LUO _____ and _____

_____, hereby declare(s) under penalty of perjury that all of the information contained in my Affidavit _____ (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that, pursuant to the Massachusetts Electronic Filing Local Rule (MEFR) 7(b), all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 12/8/2023

_____
(Affiant)

_____
(Joint Affiant)

**PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)**

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated:

Signed: _____
(Attorney for Affiant - /s/used by Registered ECF Users Only)