**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
(Eastern Division)

| | |
|---|---|
| IN RE:<br><br>**JOAN SAMUEL HANNA,**<br>    Debtor. | **Chapter 11**<br>**23-10429-CJP** |

**OPPOSITION OF BOSTON CAPITAL INVESTMENT GROUP, LLC**
**TO EMERGENCY MOTION OF JOHN HANNA**
**TO ASSIGN RIGHTS UNDER 11 U.S.C. § 363(i)**

Boston Capital Investment Group, LLC ("Boston Capital"), by its attorneys, hereby submits this opposition to the Emergency Motion of John Hanna to Assign Rights Under 11 U.S.C. § 363(i) and Allowing Assignee to Acquire Property Free and Clear Under 11 U.S.C. § 363 [Docket No. 109] ("Motion"). Pursuant to the terms of the Scheduling Order [Docket No. 111], Boston Capital reserves the right to assert grounds for opposition in addition to those set forth herein and to cross-examine witnesses.

As set forth more fully below, the Motion fails to cite a valid statutory basis for the relief requested, nor any benefit to the estate in granting the Motion, let alone any decisional authority or other good cause for granting the Motion. Moreover, granting the Motion would be manifestly unfair and harmful to Boston Capital who was the high bidder in good faith.

**Relevant Procedural and Factual Background**

Boston Capital makes the following observations regarding this matter that may be relevant to a determination of the Motion.

A.     Boston Capital is ready, willing and able to close on the scheduled closing date of December 15, 2023 on acquisition of the Real Property (as defined in the Sale Order [Docket No.

105]) and consistent with the terms of the Sale Order, including payment of the sale price in good funds of $6,718,000.

      B.      It appears that John Hanna lacks the financial ability or is otherwise not ready, willing and/or able to exercise his 363(i) rights as provided in the Sale Order.  At the time of the auction, Boston Capital believed (correctly) John Hanna would not exercise his 363(i) rights.

      C.      The Sale Order only provides that John Hanna may exercise rights under § 363(i).  It does not provide for the exercise of such rights on the part of an assignee.

      D.      The purported Assignment of John Hanna's 363(i) rights to an affiliate of the losing bidder, WR Brucewood LLC, is made expressly conditioned on approval by this Court of the Assignment by 4 p.m., Monday, December 11, 2023.  Boston Capital surmises that the parties have agreed to extend that date to December 12, 2023, failing which the Motion is moot.

## ARGUMENT

      1.      <u>No Statutory Authority for Relief Sought</u>.

The Motion seeks entry of an order "authorizing [John Hanna] to assign his [363(i)] rights … to WR Brucewood, LLC."  <u>Motion</u>, Prayer for Relief No. 2.  There is no statutory authority for such relief.  Nothing in the Bankruptcy Code implies that such rights are assignable, let alone assignable on leave of the Court, nor does the Motion cite any decisional authority.  Rather, the Motion relies solely on Section 105, arguing that entry of such an order "facilitates the exercise of his rights, and causes no harm to the estate."  The relief sought does no such thing.  Rather, it enables Hanna *not* to exercise his rights, by assigning such rights to a third party for his own personal profit.  Such assignment is neither provided for in Section 363(i) nor in the Sale Order, nor is it consistent with the purpose of Section 363(i).

2

"Section 105(a) of the Code provides the bankruptcy court broad authority to exercise its equitable powers – where 'necessary' or 'appropriate' – to facilitate the implementation of other Bankruptcy Code provisions." In re Nosek, 544 F.3d 34, 43 (1st Cir. 2008) (collecting cases). However, "section 105(a) may not be invoked where the result of its application would be inconsistent with any other Code provision or it would alter other substantive rights set forth in the Code." Id. at 44 (reversing bankruptcy court order that relied on section 105(a) because there was no underlying provision in the bankruptcy code implicated in the requested relief).

The purpose of Section 363(i) is to allow spouses or co-owners who may have a greater vested interest in the property than third party outsiders to retain the property as long as the ultimate consideration to the estate is not changed. 3 Collier on Bankruptcy, ¶ 363.08 (16th Ed. 2023). That purpose is not served by approving an assignment of the co-owner's right to another non-debtor party having no affiliation with the Debtor or co-owner, and the Motion fails to cite any authority that such rights are not personal in nature, but entirely assignable. Nor does the Motion so much as purport to argue that there is any benefit to the estate.

Thus, there are no grounds or other cause for this Court to "approve" an assignment of John Hanna's Section 363(i) rights to another non-debtor.

2. The Motion is Procedurally Improper.

To the extent the Motion is seeking, not "approval" of the Assignment, but rather a legal opinion from this Court that such rights are assignable, such Motion is procedurally improper and filed too late. Hanna should have filed an adversary proceeding seeking declaratory relief or otherwise sought to include the assignability of his rights prior to the sale hearing. Had Boston Capital known that Hanna's rights were freely assignable, including to the losing bidder, Boston Capital might well have materially altered its approach to the auction, possibly making a much

lower bid with an expectation that it could then negotiate to purchase Hanna's 363(i) rights for much more than the $20,000 Hanna has apparently settled for with Kendall.

Instead, John Hanna made representations to this Court that it was his intent to exercise his Section 363(i) rights – not to sell them to another party, let alone the losing bidder.

Similarly, to the extent that such Motion is construed as a Motion to modify the terms of the Sale Order, such Motion is untimely, prejudicial to Boston Capital, and utterly lacking in cause, in that there is no conceivable benefit to the estate in granting the relief sought.

3.  <u>John Hanna Should Not Profit from the Bid Process's Inevitable Weaknesses</u>.

That Kendall is now willing to pay the winning bid price plus $20,000 for the Property only proves the inevitable weakness of any bid process – that the true fair market value of estate property may be worth more than the winning bid amount – whether the auction is open or closed. The sole purpose and effect of the relief sought in the Motion is to enable John Hanna to profit – not by acquiring the Property for himself at less than fair market value, but by selling his rights to the losing bidder for the difference between fair market value and the winning bid. The Court should not participate in or otherwise facilitate such conduct. Nor does such conduct benefit the estate.

4.  <u>The Relief Sought in the Motion is Manifestly Unfair to Boston Capital</u>.

Boston Capital participated in the bid process in good faith, submitting its highest and best bid and outbidding the stalking horse. The background to the auction and as contemplated by the Sale Order itself, as it was understood at the time Boston Capital submitted its bid, was that Boston Capital's right to acquire the Property was subject to *and only subject to* Hanna's right to acquire the Property at the same price. Boston Capital did not believe then and does not believe now that Hanna had the financial ability to exercise such rights, and therefore bid on the

4

premise that John Hanna would not in fact exercise his 363(i) rights (notwithstanding his professed "intention" to do so). There was no provision for Hanna to assign his rights at the time of the bid. To grant such assignability rights now, after the auction concluded and the Sale Order entered, and now just days before the closing, effectively changes the bid rules after the fact, and deprives Boston Capital of rights it acquired from the estate in good faith.

For all these reasons, as they may be further supplemented at the hearing, Boston Capital respectfully requests that this Court deny the Motion.

BOSTON CAPITAL INVESTMENT GROUP, LLC

By its attorneys,

/s/ David J. Reier
David J. Reier, BBO #546202
ARENTFOX SCHIFF LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8161
617-973-6145
Email:  david.reier@afslaw.com

Dated:  December 12, 2023

☐

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing document was filed this 12th day of December 2023, through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ David J. Reier
David J. Reier