UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Joan S. Hanna<br><br>Debtor. | Chapter 11<br>Case No. 23-10429-CJP |

### STATUS REPORT BY JOAN S. HANNA, DEBTOR IN POSSESSION, ON SALE OF 528-540 VFW PARKWAY AND 70 BRUCEWOOD STREET WEST ROXBURY [BOSTON], SUFFOLK COUNTY, MASSACHUSETTS)

Pursuant to Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure and paragraph S. of the Court's December 1, 2023 order (docket no. 105) authorizing the sale of the property at 528-540 VFW Parkway and 70 Brucewood Street, Joan S. Hanna, the debtor in posssession (the "Debtor") herby submits a status report on the sale of the real property at 528-540 VFW Parkway and 70 Brucewood Street, West Roxbury, Massachusetts (the "Real Property").

1.  On March 24, 2023, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code"), commencing case no. 23-10429-CJP in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2.  On June 16, 2023, the Debtor, John Hanna and Rockland Trust Company filed a Stipulation (docket no. 60) concerning a motion to extend the automatic stay filed by the Debtor (docket no. 16) and Rockland Trust Company's objection to that motion (docket no. 30). In the stipulation the parties agreed, subject to the approval of the Court, that the automatic stay imposed by 11 U.S.C. § 362(a) would be extended until December 31, 2023 pursuant to 11

U.S.C. § 362(c)(3)(B). The stipulation was approved by an order dated July 20, 2023 (docket no. 77).

3. On June 16, 2023, the Debtor and John Hanna file a Stipulation Re Sale of Real Property (docket no. 58) (the "Stipulation") and a motion for approval of the Stipulation (docket no. 59). In the Stipulation, the Debtor and John agreed to cooperate in employing a broker, in determining whether to accept or reject any offers received and to seek approval of a sale of the Real Property pursuant to §363(h) of the Bankruptcy Code. On July 20, 2023, the Court entered an order approving the Stipulation (docket no. 76).

4. Pursuant to the Stipulation, the Debtor and John Hanna entered into a Purchase and Sale Agreement dated October 13, 2023 (the "P&S Agreement").

5. On October 13, 2023, the Debtor filed a Motion for Order Authorizing and Approving Private Sale of Real Property (docket no. 90) (the "Sale Motion"), pursuant to which the Debtor sought an order authorizing, the sale, free and clear of all liens, claims, interests, and encumbrances to Kendall Capital LLC (and/or a controlled affiliate) for the sum of $6,400,000.00. The P&S Agreement was attached as an Exhibit to the Sale Motion.

6. On November 20, 2023, John Hanna filed a Response and Notice of Intent to Exercise Rights Under Bankruptcy Code §363(i) (docket no. 100).

7. On November 27, 2023, Boston Capital Investment Group, LLC ("Boston Capital") timely filed a competing bid in the amount of $6,505,000.00 (docket no. 102).

8. A hearing on the Sale Motion was held on November 30, 2023.

9. At the hearing, both Kendall Capital and Boston Capital confirmed that their respective bids were to be, other than with respect to the purchase price, to be subject to the terms and conditions of the P&S Agreement. Boston Capital was the successful bidder at the hearing, with a bid in the amount of $6,718,000.00 (the "Purchase Price").

10. On December 1, 2023, the Court entered an order granting the Sale Motion (docket no. 105)(the "Sale Order").

11. The Sale Order authorized a sale of the Real Property to Boston Capital for the sum of $6,718,000.00 and, in paragraph M, provided that Boston Capital would have until 5:00 pm on December 15, 2023, to pay the Purchase Price.

12. The Sale Order further provided, in paragraph P, that the Debtor was to give John Hanna 5 business days notice of the time and date of a scheduled closing of the sale to Boston Capital and, in paragraph Q, that John Hanna could exercise his right to purchase the Property pursuant to § 363(i) of the Bankruptcy Code by delivering to the Debtor's Counsel the sum of $6,718,000.00 in good funds no later than twenty-four (24) hours before the date and time of the scheduled closing.

13. The Debtor and Boston Capital scheduled a closing for December 15, 2023 at 10:00 am and the Debtor provided notice of the scheduled date and time of the closing to John Hanna on December 7, 2023.

14. On December 8, 2023, John Hanna filed an Emergency Motion to Assign Rights Under 11 U.S.C. §363(i) (docket no. 109).

15. On December 12, 2023, Boston Capital filed an Opposition (docket no. 115) to John Hanna's Emergency Motion to Assign Rights.

16. A hearing on the Emergency Motion to Assign Rights Under 11 U.S.C. §363(i) was

held on December 12, 2023. At the conclusion of the hearing the Court entered an order (docket no. 117) which denied the emergency motion, but provided that "if the Movant elects to exercise his rights under § 363(i) pursuant to and in accordance with the Order Granting Motion by Joan S Hanna, Debtor In Possession For Order Authorizing and Approving Private Sale of Real Property (528-540 VFW Parkway and 70 Brucewood Street West Roxbury [Boston], Suffolk County, Massachusetts) [Dkt. No. 105] (the "Sale Order"), he may direct the deed to be delivered to his nominee, which may include an entity that has been established by Kendall Capital LLC in connection with the funding of the exercise of the Movant's § 363(i) rights."

17. John Hanna, pursuant to the Court's December 12, 2023, order directed that a deed be delivered to WR Brucewood, LLC.

18. Debtor's counsel received acknowledgement on December 13, 2023 that good funds had been received by the settlement agent on December 13, 2023 to facilitate a closing on the morning of December 14, 2023.

19. The Sellers (the Debtor and John Hanna) executed and delivered conveyancing documents (including a deed) to the settlement agent prior to 10:00 am on December 14, 2023.

20. The Real Property to be conveyed contained two parcels of registered land. The Land Court has the right to review and either approve or reject instruments submitted for registration.

21. On the morning of December 14, 2023, the Land Court notified the settlement agent that the conveyancing instruments which had been submitted were being rejected.

22. Paragraph 10 of the P&S Agreement stated that:

> If the SELLER shall be unable to give title or to make conveyance or to deliver possession of the Premises, all as herein stipulated, or if at the time of the delivery of the deed the Premises do not conform with the provisions hereof, SELLER shall use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said Premises conform to the provisions hereof, as the case may be in, in which event the SELLER shall give written notice thereof to the BUYER at or

before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of 14 days. Reasonable efforts shall be defined as the expenditure of no more than $5,000.

23. The Seller exercised its right pursuant to paragraph 10 and on December 14, 2023, gave written notice to Boston Capital, WR Brucewood, LLC and John Hanna that it was extending the scheduled closing date and time for Boston Capital Investment Group from December 15, 2023 at 10:00 am to December 29, 2023 at 10:00 am and, at the same time, extending John Hanna's right's pursuant to 11 U.S.C. §363(i) and the Bankruptcy Court's orders of December 1, 2023 and December 12, 2023, to December 28, 2023 at or before 10:00 am.

24. On December 29, 2023, Boston Capital agreed to an extension of the scheduled closing date and time for Boston Capital from December 29, 2023 at 10:00 am to January 5, 2023 at 10:00 am.

25. The Sellers (the Debtor and John Hanna) executed and delivered conveyancing documents (including a deed) to the settlement agent for WR Brucewood on January 4, 2024. The deed was recorded on January 5, 2034 and on that date Debtor's counsel received, by wire transfer, the net proceeds of the sale.

26. The Sale Motion sought and the Sale Order authorized the Seller to pay, from the proceeds of the sale of the Real Property, the normal and usual costs incurred at closing by the seller (i.e. deed stamps and recording costs), the Seller's share of any outstanding real estate taxes or other municipal claims which constitute liens on the Real Property and the secured claims of Rockland Trust.

27. The sales price was $6,718,000.00.

28. The net proceeds from the sale of the Real Property, after payment of deed stamps, recording costs, real estate taxes, water and sewer bills, and Rockland Trust's secured claims,

were $2,901,129.86.  Pursuant to the Sale Order, the net proceeds are to be held in escrow pending further order of the Bankruptcy Court.

                    Joan S. Hanna,

                    By her attorneys,

Dated:  January 8, 2024

                    /s/Joseph G. Butler
                    Joseph G. Butler, Esq. (BBO# 544284)
                    Law Office of Joseph G. Butler
                    355 Providence Highway
                    Westwood, MA 02090
                    (781) 636 3638
                    JGB@jgbutlerlaw.com